•Salvatore T. De Matted, J.
This is a proceeding to recover possession of real property based upon nonpayment of rent from September, 1969 to March 1,1970. The petitioner, City of New York and the respondent, Harold Deland (doing business as Golden Realty) entered into a one-year lease for a store to be used as defendant’s realty office, at 650 Wythe Avenue, Brooklyn, New York, at the rental of $50 per month.
The respondent refused to make further rental payments to the city on the ground that the municipality had failed to provide him with adequate heating and plumbing services in violation of section 755 of the Real Property Actions and Proceedings Law and section 302-a of the Multiple Dwelling Law. In other words, these failures, according to the respondent constituted a constructive eviction from the premises and relieve him from his obligation to continue rental payments pursuant to the above-mentioned lease.
At a trial before this court the defendant alleged that he used the above store as his real estate office as well as sleeping accommodations. The City of New York in rebuttal produced an employee of the Department of Real Estate who testified that the heating and plumbing facilities rendered to the defendant were operationally sound. It is conceded that the defendant at no time quit the subject premises, although the city failed allegedly to render the required services.
At common law, a constructive eviction resulted when, through some act or failure to act on the part of the landlord, a tenant was deprived of the beneficial use of the premises and was forced to vacate the same. The defense of constructive eviction could not be raised to an action for rental nonpayment unless the tenant actually surrendered the premises to the landlord. To ameliorate the harshness of this doctrine, section 755 of the *496 Real Property Actions and Proceedings Law was enacted. It provides that in a summary proceeding for nonpayment of rent the tenant of a building or part thereof used for dwelling purposes may avail himself of the defense of constructive eviction, although he retains possession of the demised premises provided conditions dangerous to life, safety or health exist therein.
Since this statutory enactment is in derogation of the common law it must be strictly construed. Hence, only occupants of residential accommodations come within the purview of this statutory modifica-tion. 'Commercial tenants must resort to the traditional remedies and must comply with the common-law requirements for constructive eviction.
It is clear that defendant’s alleged practice of sleeping in his business office is condemned by the lease, introduced into evidence by the Oity of New York, governing this demised premises.
This usage was without the sanction of the municipality or its knowledge. Such contractual violation will not allow the defendant to avail himself of the statutory provisions meant only for residential tenants. Furthermore, the defendant’s alleged usage of this store without a certificate of. occupancy is a violation of section 301 of the Multiple -Dwelling Law.
Therefore, we must rule that defendant, as a matter of law was not a tenant within the purview of section 755 of the Real Property Actions and Proceedings Law. It is our belief that this case at bar is governed by Barash v. Pennsylvania Term. Real Estate Corp. (26 N Y 2d 77). There a commercial tenant sued to be relieved of rent obligations because of lack of services. In ruling for the landlord the court held as follows:
<£ All that tenant suffered was a substantial diminution in the extent to which he could beneficially enjoy the premises ” (p. 84). “ The tenant, however, must abandon possession in order to claim that there was a constructive eviction” (p. 83; emphasis supplied).
££ Thus where the tenant remains in possession of the demised premises there can be no constructive eviction [cases cited]. It has been said to be inequitable for the tenant to claim substantial interference with the beneficial enjoyment of his property and remain in possession without payment of rent [cases cited] ” (p. 83).
£ £ Since the eviction, if any, is constructive and not actual, the tenant’s failure to abandon the premises makes the first cause of action insufficient in law (33 N. Y. Jur., Landlord & Tenant, § 170) ” (p. 86),
*497 Respondent tenant in the instant proceeding has admitted that he has never quit the premises sub judice. No statutory exception existed in this case to relieve the tenant from the application of the principle set forth by the Court of Appeals. We find no fact herein to warrant partial eviction.
Furthermore, section 302-a of the Multiple Dwelling Law is equally inapplicable because it requires the existence and production of proof that a violation has been placed upon the premises by the New York City Department of Buildings. The defendant has failed to adduce such requisite proof and hence may not avail himself of this statutory provision as a defense to the current action.
Therefore, this court must award judgment to the petitioner, City of New York, in the sum of $302.50 with possession of the premises. Warrant stayed five days.